[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is the owner of a home located at 41 Ruggles Road, Guilford, Connecticut and the defendant operates a paving business in Guilford. The front of the house and the garage face the street which is located approximately 25 feet above the front of the building. The driveway area is approximately 3344 square feet and has a steep slope from the street down to the front of the building, and when constructed had a surface of crushed stone. In the summer of 1991 the plaintiff decided to pave the entire driveway with asphalt and hired the defendant to do the paving work. The plaintiff previously had hired the defendant to do paving work, in connection with his business as a builder and developer, and had found that the defendant always did a good job.
There was no written contract. The defendant paved the driveway and was paid by the plaintiff. The plaintiff claims in this action that the work was not done satisfactorily and is seeking money damages measured by the cost of repaving the entire driveway. The defendant maintains that the work was done as agreed. After the initial repaving was done in the Summer of 1991, whenever it rained small puddles of water would gather at the bottom of the driveway in front of the house and garage.
It is the plaintiff's claim that, while the defendant recommended that he install small slotted drains in front of the home and garage, which the plaintiff refused to do, he did not expect to have as much of a water problem as developed after the paving was done. The defendant maintains that he strongly urged the plaintiff to put in small unobtrusive slotted drains which are specifically designed for situations where there is a steep slope down towards the home, but that the defendant insisted that the slope was such that drains were not necessary. The defendant testified that he told the plaintiff repeatedly before and during the job, that without drains there would be a small water problem in front of the house and garage, and that following the completion of the job, exactly the type of problem he warned the plaintiff about did occur. The defendant described the puddle as being about two feet long, six inches wide and had a depth less than the thickness of a quarter.
The plaintiff, not being satisfied with the work, continued to complain to the defendant. In November, 1991, at the insistence of the plaintiff, the defendant patched the driveway by cutting a trench in front of the garage so water would drain off. The defendant advised the plaintiff that the finished CT Page 10247 product would be unattractive, because a patch is a patch, and that it would still not solve the problem totally, but the plaintiff insisted the work be done. The work was done with the result predicted by the defendant.
Thereafter the plaintiff in 1995 hired another contractor to cut out the asphalt area near the garage doors and relay the area with brick pavers. This greatly improved the appearance of the driveway, but according to the defendant who visited the property two weeks ago, there is still a small water problem that only slotted drains will completely solve.
The plaintiff now wishes to tear out the entire driveway and repave it. He offered an expert who estimated the cost to do this work at $12,551.20 and this presumably is the amount of damages the plaintiff is seeking. However, that same expert testified that the driveway at the present time is functional, looks nice and does not detract from the appearance of the house. He further stated that he would not recommend to a customer that he spend $12,000 to fix the driveway.
The factual issue before the court is whether the plaintiff has proven that the defendant failed to do the paving in accordance with the oral agreement of the parties.The court finds the testimony of the defendant to be more credible than that of the plaintiff in this regard. The defendant did the work as requested by the plaintiff but at all times he advised the plaintiff that he would have a water problem because of his refusal to install slotted drains. As it developed, the plaintiff was wrong and the defendant was right. The court finds that the plaintiff has failed to prove the essential allegations of his complaint.
Judgment may enter in favor of the defendant.
Hadden, J.T.R.